IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR363 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| ELIZABETH M. PAPPAS, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 61). The government has adopted the PSR. (Filing No. 60.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 23 (drug quantity), 42 and 44 (prior convictions). The objections are discussed below.

### *¶ 23 - Drug Quantity*

The plea agreement provides that the most readily provable amount of methamphetamine for which the Defendant should be held responsible is at least 50 grams but less than 200 grams, resulting in base offense level 26. (Filing No. 53, ¶ 6.) The PSR reflects a drug quantity of at least 75 grams of methamphetamine and a base offense level of 26. The probation officer included $660 cash, converted into methamphetamine. The drug quantity in the PSR is within the amount agreed upon in the plea agreement, and the objection does not affect the sentencing guideline range. The objection is denied.

### *¶¶ 42 and 44 - Prior Convictions*

The Defendant objects to the prior convictions reflected in ¶¶ 42 and 44, arguing that the judgment in the offense listed in ¶ 42 does not include a file stamp placed on the document by the clerk and the judgment relating to the offense in ¶ 44 does not include any file stamp as required by Neb. Rev. Stat. § 25-2729(3). Therefore, the Defendant argues that the convictions are not final; the effect would be placement in criminal history category I as opposed to II. The Defendant's argument is essentially a collateral attack on the prior state court convictions.

A defendant may not collaterally attack a prior state conviction except when the defendant's right to appointed counsel in the prior conviction is the contested issue or when statutory authorization exists allowing the collateral attack. *United States v. Rodriguez-Ceballos,* 365 F.3d 664, 666 (8th Cir. 2004). Neither exception applies in the instant case. The objections to ¶¶ 42 and 44 are denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 61) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

    4.    Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

    5.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 8th day of June, 2006.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge